UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CURTIS MARSH and JAMIE MARSH, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:10-cv-1283-M |
| | § | |
| WELLS FARGO BANK, N.A., US BANK | § | |
| NATIONAL ASSOCIATION, as Trustee, | § | |
| BRICE VANDER LINDEN & WERNICK, | § | |
| P.C., SHELLEY ORTOLANI, MARY | § | |
| MANCUSO, JIM AKINS, SELIM | § | |
| TAHERZADEH, and CARA | § | |
| FEATHERSTONE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand [Docket Entry #5]. For the reasons stated below, the Motion is **DENIED**.

### Background and Procedural History

In August 2006, Plaintiffs Curtis and Jamie Marsh purchased a home in Dallas, Texas, receiving a loan from Realty Mortgage Corporation ("Realty") and executing a first lien deed of trust in Realty's favor. Plaintiffs allege that in May 2009, they sought to renegotiate their loan, and that Defendant Wells Fargo Bank, N.A., as servicer for Defendant US Bank National Association, approved Plaintiffs' application for a loan modification and provided Plaintiffs with a loan modification agreement. Plaintiffs allege they executed and returned it to Wells Fargo, which accepted monthly payments made pursuant to the loan modification agreement.

Plaintiffs further allege that in January 2010, Wells Fargo called Curtis Marsh and

informed him that Plaintiffs' loan modification request had been denied. Plaintiffs claim Wells Fargo then advised them, in writing, that they were in default on their loan. Plaintiffs further allege that in a subsequent phone call, a representative of Wells Fargo told Curtis Marsh that the first three payments made pursuant to a loan modification are a "trial," and that Wells Fargo reserved the right to reject the loan modification later. Plaintiffs aver that in March 2010, Wells Fargo accepted a monthly mortgage payment expressly conditioned upon Wells Fargo's agreement that the loan modification was a binding, enforceable agreement, that Plaintiffs' payments represented full payment of the monthly mortgage payments due pursuant to that agreement, and that Plaintiffs were not in default. Plaintiffs claim that later that month, Wells Fargo attempted to return Plaintiffs' payment, but that it had already accepted it.

Plaintiffs allege that Defendants US Bank and Wells Fargo, through their legal counsel Brice, Vander Linden & Wernick, P.C., (the "Law Firm") provided Plaintiffs with notice of default, accelerated all sums pursuant to the note and deed of trust, and demanded full payment of the note. Further, Plaintiffs allege that the Law Firm and the substitute trustees under the deed of trust, Defendants Shelly Ortolani, Mary Mancuso, Jim Akins, Selim Taherzadeh, and Cara Featherstone (collectively, the "Substitute Trustees"), posted Plaintiffs' home for a June 1, 2010 foreclosure.

On May 28, 2010, Plaintiffs filed suit in state court, and the state court issued a temporary restraining order enjoining Defendants from noticing Plaintiffs' home for foreclosure, conducting a foreclosure sale, or otherwise interfering with Plaintiffs' possession and use of their home. In the Original Petition, Plaintiffs sought a declaratory judgment, attorneys' fees, and injunctive relief against all Defendants; alleged claims for breach of contract, anticipatory breach of contract, and usury against Wells Fargo and US Bank; and alleged claims for common law

fraud, fraudulent concealment, and fraudulent inducement against Wells Fargo alone.

On June 10, 2010, US Bank and Wells Fargo filed original answers containing general denials. On June 21, 2010, the Law Firm filed its Original Answer, which contained, in addition to a general denial, a verified denial contending that the Law Firm is not a necessary party to the suit and that it reasonably believes it was individually named as a party solely in its capacity as a trustee under a deed of trust, contract lien, or security instrument. On the same day, the Substitute Trustees filed an Original Answer, containing a similar verified denial.

On June 30, 2010, Wells Fargo and US Bank timely removed the case to this Court, claiming diversity of citizenship under 28 U.S.C. § 1332(a), arguing that the Law Firm and the Substitute Trustees, all Texas residents, were improperly joined.[1] Plaintiffs challenge the propriety of removal in their Motion to Remand, filed on July 30, 2010.

**Legal Standard**

A defendant may remove a civil action filed in state court to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(b) (2006). Removal jurisdiction is strictly construed because it implicates important federalism concerns. *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002). In considering a motion to remand, a court is to resolve issues of material fact in the plaintiff's favor, and any doubts are to be resolved against removal. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The removing party bears the burden of establishing jurisdiction. *Shearer v. Sw. Serv. Life. Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008).

Congress has given federal district courts subject matter jurisdiction over civil matters

---

[1] Although both parties discuss the issue as "fraudulent joinder," the term "improper joinder" is preferred. *Martinez v. Conner*, No. 3:10-cv-393-M, 2010 WL 2143653, at *1 n.1 (N.D. Tex. May 26, 2010) (Lynn, J.) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc)). The Court will therefore use the term "improper joinder."

where the amount in controversy exceeds $75,000 and where the parties are citizens of different states. 28 U.S.C. § 1332(a) (2006). Diversity cases are only removable when "none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b) (2006) (emphasis added); *accord Cantor v. Wachovia Mortg. Corp.*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009) (Lynn, J.). If a defendant has been improperly joined, the citizenship of that defendant is disregarded for purposes of determining diversity. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc) (citing 28 U.S.C. § 1359). "'When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper.'" *Martinez v. Conner*, No. 3:10-cv-393-M, 2010 WL 2143653, at *1 (N.D. Tex. May 26, 2010) (Lynn, J.) (quoting *Smallwood*, 385 F.3d at 576). Improper joinder may be established in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood*, 385 F.3d at 573. Only the second method is relevant to this case.

The party seeking removal bears a heavy burden of proving that the joinder of an in-state party was improper. *Id.* at 574. To prove improper joinder based on the plaintiff's inability to state a claim against the non-diverse parties, a defendant must demonstrate there is no reasonable basis for predicting that the plaintiff might be able to recover against an in-state defendant. *Id.* at 573. The court does not have to predict whether the plaintiff will certainly prevail on the merits, nor even if it will likely do so. *Cantor*, 641 F. Supp. 2d at 607. Instead, the court must determine whether the plaintiff might possibly prevail. *Id.* (citing *Smallwood*, 385 F.3d at 573). The court uses a standard similar to that employed for motions to dismiss under Federal Rule of

Civil Procedure 12(b)(6) to determine whether a "reasonable basis" for liability exists. *Id.* A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal. *Id.*; *Smallwood*, 385 F.3d at 573 n.9. However, the court must take as true the plaintiff's well-pleaded allegations of fact, and resolve any contested issues of fact or ambiguities in state law in favor of the plaintiff. *Id.* (citing *Ross v. Citifinancial, Inc.,* 344 F.3d 458, 462 (5th Cir. 2003); *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003)).

**Analysis**

As the removing parties, Defendants have the burden of proving this Court's jurisdiction.[2] Defendants advance two reasons that Plaintiffs have no possibility of establishing a cause of action against the Law Firm or the Substitute Trustees. First, Defendants argue that Texas Property Code § 51.007(c) mandates the dismissal of the Law Firm and Substitute Trustees. Second, Defendants argue that because a foreclosure sale never occurred, neither the Law Firm nor the Substitute Trustees caused Plaintiffs any harm.

A.     Texas Property Code § 51.007

Section 51.007 of the Texas Property Code provides that a trustee named in a suit may plead that the trustee is not a necessary party by filing a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in its or his capacity as a trustee under a deed of trust, contract lien, or security instrument. Tex. Prop. Code § 51.007(a) (West, Westlaw through 2009 Sess.). The other parties to the suit may then file a verified response, rebutting the trustee's verified denial, within 30 days after the filing of the verified denial. *Id.* § 51.007(b). If no verified response is filed, "the trustee shall be dismissed from the suit . . . without prejudice." *Id.* § 51.007(c).

---

[2] Although only Wells Fargo and US Bank removed the case, the Law Firm and Substitute Trustees consented to removal, so the Court refers to "Defendants" for simplicity's sake.

As an initial matter, the Court addresses Plaintiffs' argument that the Law Firm cannot avail itself of the protections of § 51.007 because the Law Firm is not a trustee. As defined for purposes of § 51.007, a trustee is "a person or persons authorized to exercise the power of sale under the terms of a security instrument." *Id.* § 51.001(8). Plaintiffs point to a Notice of Acceleration dated May 3, 2010 that lists Ortolani, Mancuso, Akins, Taherzadeh, and Featherstone, but not the Law Firm, as "Substitute Trustees." (*See* Pls.' Reply App. Ex. 3, ECF No. 11-3.) Furthermore, in their Response in Opposition to Plaintiffs' Motion to Remand, Defendants identify the Law Firm as "foreclosure counsel," rather than as a trustee. The Court finds that the Law Firm has not established it is a trustee as that term is defined for purposes of § 51.007 of the Property Code, and, therefore, the Law Firm is not subject to dismissal under that section.

There is no contention, however, that the Substitute Trustees are not "trustees" under § 51.007. The Substitute Trustees filed an Original Answer containing a verified denial asserting that they were not necessary parties to the suit, and that they "reasonably believe that they were individually 'named as . . . part[ies] solely in [their] capacity as . . . trustee[s] under a deed of trust, contract lien or security agreement.'" (Substitute Trustees' Original Answer 1–2, Notice of Removal Ex. B16, ECF No. 1-17 (quoting Prop. § 51.007(a)).) The verified denial was filed on June 25, 2010. Plaintiffs did not file a verified response in state court, and Plaintiffs' first filing in this Court was their Motion to Remand, which was verified by Curtis Marsh's sworn affidavit and filed on July 30, 2010. Thus, it appears Plaintiffs did not file a verified response within 30 days of the Substitute Trustees' verified denial.

However, Plaintiffs argue that the Substitute Trustees did not comply with the requirements of § 51.007. Specifically, Plaintiffs argue that although the Substitute Trustees

stated in their verified denial that they had a reasonable belief they were named solely in their capacity as trustees, they did not state the basis for that belief. Plaintiffs point to the phrasing of § 51.007, which states, "The trustee . . . may plead in the answer that [it] is not a necessary party by a verified denial *stating the basis* for the trustee's reasonable belief that [it] was named . . . solely in the capacity as a trustee . . . ." Tex. Prop. Code § 51.007(a) (emphasis added). Plaintiffs urge that in order to qualify for the protections of § 51.007, a trustee must do more than simply state that it holds a reasonable belief. Although plaintiffs in other cases have advanced this argument, the courts in those cases did not decide it. *See, e.g.*, *Vanderbilt Mortg. & Fin., Inc. v. Flores*, No. C-09-312, 2010 WL 3521727, at *2 (S.D. Tex. Sept. 8, 2010) (Jack, J.); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *1 (N.D. Tex. July 12, 2010) (Fitzwater, C.J.).

When construing Texas statutes, the Court "must look first to the plain and common meaning of the words chosen." *Gonzalez v. Guilbot*, 315 S.W.3d 533, 540 (Tex. 2010); *accord Evanston Ins. Co. v. Dillard Dep't Stores, Inc.*, 602 F.3d 610, 615 (5th Cir. 2010) ("Where the text [of a statute] is clear, text is determinative of [the Legislature's] intent."). "If the statutory language is unambiguous, the [Court's] inquiry is at an end." *Gonzalez*, 315 S.W.3d at 540. Section 51.007(a) of the Texas Property Code unambiguously states that a trustee's verified denial must state "the basis" for the trustee's reasonable belief in order to trigger the other parties' obligation to respond. The Court finds that the phrase "the basis for the trustee's reasonable belief," when interpreted in accordance with the plain and common meaning of the words chosen, requires a trustee to state the reason or justification for the trustee's reasonable belief, rather than swear to the mere fact of that belief. In this context, it is not within the province of the Court to read out of a statute language chosen by the Legislature. Therefore, the

Substitute Trustees have not filed the verified response described in § 51.007(a), and are not subject to dismissal without prejudice under § 51.007(c).[3]

B.      Harm Caused by Non-Diverse Defendants

Defendants argue that, even if § 51.007 does not mandate dismissal of the non-diverse Defendants, Plaintiffs still have no possibility of establishing a cause of action against either the Law Firm or the Substitute Trustees.  In the Petition, Plaintiffs allege the Law Firm and Substitute Trustees breached a duty of absolute impartiality and fairness, for which Plaintiffs seek a permanent injunction.  Additionally, Plaintiffs seek a declaratory judgment.

1.      Injunction for Breach of the Duty of Absolute Impartiality and Fairness

Plaintiffs seek a permanent injunction against all Defendants, enjoining them from foreclosing on or otherwise interfering with the possession of Plaintiffs' home.  "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action."  *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (Fitzwater, C.J.) (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.)).  The Plaintiffs allege that the Law Firm and the Substitute Trustees breached a duty of absolute impartiality and fairness that a trustee under a deed of trust owes to the grantor.  Defendants argue that such a claim cannot succeed where there has been no foreclosure sale.  The Court has already concluded that the Law Firm is not a trustee under the deed of trust; therefore, any allegations related to the breach of a trustee's duty are insufficient to state a claim against the Law Firm.  Thus, the Court now turns to Plaintiffs' claims against the Substitute Trustees.

Although a trustee under a deed of trust owes neither a fiduciary duty nor a duty of good faith and fair dealing to the mortgagor, *FDIC v. Myers*, 955 F.2d 348, 350 (5th Cir. 1992)

---

[3] If this result is not what the Legislature desires, it can amend the statute.

(applying Texas law), the trustee does have "a duty to 'act with absolute impartiality and fairness to the grantor in performing the powers vested in him by the deed of trust.'" *Pou v. Brown & Shapiro*, No. 3:96-cv-3364-D, 1997 WL 102470, at *2 (N.D. Tex. Feb. 27, 1997) (Fitzwater, J.) (quoting *Hammonds v. Holmes,* 559 S.W.2d 345, 347 (Tex. 1977)). This duty is breached when the trustee fails to comply strictly with the terms of the deed of trust or the notice and sale provisions of § 51.002 of the Texas Property Code. *Clauer v. Heritage Lakes Homeowners Ass'n*, 726 F. Supp. 2d 668, 673 (E.D. Tex. 2010) (Schneider, J). Breach of the trustee's duty under a deed of trust is not itself an independent tort. *See Allied Capital Corp. v. Cravens*, 67 S.W.3d 486, 491–92 (Tex. App.—Corpus Christi 2002, no pet.). Instead, "breach of this duty may be stated under Texas law *as a claim for wrongful foreclosure*." *Pou*, 1997 WL 102470, at *2 (emphasis added). A claim for wrongful foreclosure requires that the property in question be sold at a foreclosure sale. *Allied Capital*, 67 S.W.3d at 492.

Here, Plaintiffs cannot state a claim for wrongful foreclosure because no foreclosure sale has occurred. As breach of the trustee's duty is not itself a cause of action, it cannot support Plaintiffs' claim against the Substitute Trustees for injunctive relief. Therefore, there is no reasonable basis for predicting that Plaintiffs will succeed in their claim for injunctive relief against the Substitute Trustees.

Plaintiffs argue that such a conclusion is illogical because "the trustee's duties necessarily arise before any foreclosure sale takes place because they emanate from preparing and providing notice of default and notice of acceleration, posting the property for foreclosure and conducting the foreclosure sale." (Pls.' Reply Br. 5.) This argument might be persuasive were breach of a trustee's duty an independent cause of action under Texas law. However, as breach of that duty is merely a method of asserting a claim for wrongful foreclosure, that the trustee's duties arose

prior to the foreclosure sale does not alter the fact that a foreclosure sale is a necessary element of wrongful foreclosure.

Plaintiffs further argue for the law to require a foreclosure in order to assert a claim against the Substitute Trustees is "nonsensical" because "a foreclosure of Plaintiffs' residence was only prevented because Plaintiffs sued the substitute trustees and enjoined the foreclosure sale." (*Id.*) According to Plaintiffs, "[i]f the claims against the Non-Diverse Defendants are dismissed, there is nothing to prevent them from re-posting the property and foreclosing on Plaintiffs' residence." (*Id.*) However, Plaintiffs offer no authority, and the Court is aware of none, suggesting that, if the Court ultimately enjoined Wells Fargo and/or US Bank from foreclosing on Plaintiffs' home, the Substitute Trustees could still proceed with a foreclosure sale. Furthermore, although the Court has held that the Substitute Trustees are not entitled to dismissal under § 51.007 of the Texas Property Code, another provision of that section suggests that the trustee under a deed of trust is not a necessary party to an action enjoining foreclosure: "A dismissal of the trustee pursuant to [this section] shall not prejudice a party's right to seek injunctive relief to prevent the trustee from proceeding with a foreclosure sale." Tex. Prop. Code § 51.007(e).

The Court concludes that there is no reasonable basis for predicting that Plaintiffs' claims based on the Substitute Trustees' duty of impartiality and fairness would be successful in state court.

2. Declaratory Judgment

Plaintiffs seek a declaratory judgment against all Defendants, including the Law Firm and the Substitute Trustees. Under Texas law, "[d]eclaratory-judgment actions are intended to determine the rights of parties when a controversy has arisen, before any wrong has actually been

committed, and are preventative in nature."[4]  *Bexar Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 88 (Tex. App.—Austin 2004, pet. denied).  Of the declarations sought by Plaintiffs, only two could possibly apply to the Law Firm or the Substitute Trustees:

> c. Defendants have no legal right to purport to declare a default, to accelerate the sums pursuant to the note and deed of trust, or to demand full payment of the amounts allegedly due thereunder as a result of Defendants' improper and wrongful conduct described herein.
> d. Defendants have no legal right to post for foreclosure, sell or otherwise take possession of Plaintiffs' real property as a result of Defendants' improper and wrongful conduct described herein.

(Pls.' Pet. 8–9, ¶ 30.)  These requested declarations correspond to the only allegations in the Petition concerning the Law Firm and the Substitute Trustees, other than those regarding a trustee's duty under a deed of trust:

> Defendants, *by and through their legal counsel*, [the Law Firm], have purported to provide Plaintiffs with formal notice of default, have purported to accelerate all sums pursuant to the note and deed of trust, and have demanded full payment of the amounts allegedly due thereunder.
> . . .
> Also, Defendants, *by and through this same counsel, and the purported substitute trustees* . . . have purported to post Plaintiffs' real property for a June 1, 2010 foreclosure.

(Pls.' Pet. 7, ¶ 22.)

As these allegations make clear, the declarations requested by Plaintiffs only apply to the Law Firm and Substitute Trustees in their capacities as Wells Fargo's and/or US Bank's legal counsel and the substitute trustees under the deed of trust, respectively.  "A plaintiff's joinder of formal or unnecessary parties cannot defeat diversity jurisdiction and prevent removal."  *Cook v.*

---

[4] Plaintiffs filed their claim in state court under the Texas Declaratory Judgment Act.  Although, generally, "[w]hen a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act," *Ondova Ltd. v. Manila Indus., Inc.*, 513 F. Supp. 2d 762, 775 n.12 (N.D. Tex. 2007) (Fitzwater, J.), where the question is improper joinder, the Court asks whether there is a reasonable basis for predicting that *state law* might impose liability against any non-diverse defendants, *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 607 (N.D. Tex. 2009).  Thus, here the Court must analyze the claim under the Texas Declaratory Judgment Act.  *Ondova*, 513 F. Supp. 2d at 775, n.12.

*Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (Fitzwater, J.). Although the declarations quoted above purport to determine the rights of all Defendants, in reality only the rights of Wells Fargo and/or US Bank are in dispute. That the declarations, if granted, might incidentally affect the Law Firm or Substitute Trustees is not relevant for diversity jurisdiction. *See Cook*, 2010 WL 2772445, at *4.

## Conclusion

For the reasons stated above, the Court concludes that Defendants have met their burden of demonstrating there is no reasonable basis for predicting that Plaintiffs might be able to recover against any of the non-diverse defendants in this case, and remand is thus not proper. The Motion to Remand is therefore **DENIED**.[5]

**SO ORDERED**.

January 19, 2011.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[5] Having determined that this case will remain before this Court, the Court notes two arguments of counsel that the Court finds misleading at best. Mr. Marsh states in Plaintiffs' Reply Brief that Plaintiffs filed a verified response under § 51.007 of the Texas Property Code. Mr. Marsh did verify Plaintiffs' Motion to Remand; however, the Motion was clearly filed outside the thirty-day time period set out in § 51.007. Thus, the Motion to Remand was not a verified response *under § 51.007*.

Second, the Law Firm filed a *verified* denial purporting to avail itself of the protections provided to *trustees* under § 51.007. The Texas Property Code clearly defines a trustee as "a person or persons authorized to exercise the power of sale under the terms of a security instrument . . . ." Tex. Prop Code § 51.0001. Nowhere in the deed of trust or any other document presented to the Court is the Law Firm nominated as a trustee or substitute trustee. Furthermore, in its Rule 12(b)(6) Motion to Dismiss [Docket Entry #17], the Law Firm argues that the duties of a trustee should not apply to it because it is neither a trustee nor a substitute trustee.

The Court expects and will require a more candid and forthcoming approach in further briefing. *See* Fed. R. Civ. P. 12(b), (c).